1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT KALANI,

12              Plaintiff,              No. CIV S-12-304 KJM GGH

13         vs.

14    MOTHER LODE INVESTORS,
      et al.,
15                             .        ORDER
                Defendants
16    _____/

17              On February 3, 2012, plaintiff filed a complaint alleging violations of the

18    Americans with Disabilities Act and related state claims.

19              On February 22, 2012, defendant Mother Lode Investors filed an application for a

20    stay under Cal. Civ. Code § 55.54, signed by general partner Stan Lukowicz, alleging that the

21    site has been inspected by a Certified Access Specialist, who has issued a report, which renders

22    the case appropriate for a stay and an early evaluation conference under California law.  ECF

23    No. 6.

24              On February 24 and 27, plaintiff filed executed summons showing that Mother

25    Lode Investors and Stan Lukowicz, individually and as agent for service of Mother Lode

26    Investors, had been served on February 15, 2012 by delivery of summons and complaint to the

                                          1

1  person in charge of Lukowicz's office and thereafter by first class mail to the address listed on

2  the declarations of service.  ECF Nos. 8, 9; *see* CAL. CIV. PROC. CODE §§ 415.10, 415. 20;

3  FED. R. CIV. P. 4(e).  A third defendant, Barbara Wierschen, was served on February 10, 2012.

4  On March 22, 2012, this court issued a minute order informing defendant Mother

5  Lode Investors that the motion for a stay would not be considered as it was not properly noticed

6  on the court's calendar in compliance with Local Rule 230(b).

7  On April 4, 2012, plaintiff requested the entry of default as to all three

8  defendants.  The clerk entered default as Wierschen, but denied it as to Mother Lode Investors

9  and Lukowicz because they had filed the request for a stay.  ECF Nos. 13, 14.

10  Plaintiff has now asked the court to direct entry of default against defendants

11  Mother Lode Investors and Lukowicz.  Counsel has supported the request with an affidavit.

12  Under Rule 55(a) of the Federal Rules of Civil Procedure, the clerk must enter a

13  default when a party "has failed to plead or otherwise defend" and the failure "is shown by

14  affidavit or otherwise."  Under Rule 12(a)(1)(A)(I) of the Federal Rules of Civil Procedure,

15  defendants' answer was due within twenty one days of the date of service which, in this case,

16  was

17  March 8, 2012.

18  The defendants against whom the default is sought filed a request for a stay and

19  referral for an early evaluation conference for construction-related accessibility claims as

20  provided for in the California Civil Code.  CAL. CIV. CODE §§ 55.54, 55.52(a).  This procedure is

21  not recognized in federal court, although this court has its own Voluntary Dispute Resolution

22  Program the parties may wish to participate in.  *See O'Campo v. Chico Mall, LP*, 758 F. Supp.

23  2d 976, 985 (E.D. Cal. 2010); *Oliver v. Hot Topic, Inc*., No. 10cv1111BEN (AJB), 2010 WL

24  4261473, at *1 (N.D. Cal. 2010).  Although defendants used the wrong procedure, their filing the

25  request for a stay shows they were "otherwise defend[ing]" by pursuing a speedy resolution of

26  this case.  *Compare Allstate Ins. Co. v. Bogoraz*, No. 10-CV-5286 (SJF)(ETB), 2012 WL

1655552, at *4 (default appropriate when party had not taken any action despite court orders). The court declines to direct the clerk to enter default.

   Nevertheless, defendants have not answered and the case therefore is not moving forward.  Defendants Mother Lode Investors and Lukowicz are directed to respond to the complaint within fourteen days of this order.  Should they fail to respond, the court will then consider sanctions, including the entry of default.

   IT IS SO ORDERED

DATED:  July 2, 2012.

_____
UNITED STATES DISTRICT JUDGE

3